The last case on the calendar today is Langley v. MC Communications, and the defendant is the primary appellant, right? Yes, Your Honor. I'd like to reserve three minutes for rebuttal. All right. To please the Court, my name is Van Goodwin, and I represent the defendant and appellant, MC Communications. Without getting into the specifics of the substance of the issues before the Court, up until about a month ago, I think the parties in the district court below were pretty confident that there was a final order that we could raise in this manner. In fact, the district court proceedings confirmed that. Counsel appeared on two different occasions before the district court to address various issues, and the parties were satisfied and the court was satisfied there was a final order. In the opening briefs of the parties, there's an express acknowledgment by both parties that we have a final appealable order. Obviously, three or four weeks ago, we learned perhaps that this panel may have a different view of the world, and I wonder whether or not it might be appropriate, if necessary, that I address that issue, since it obviously may have an impact on whether we reach the merits. Now, we appellate courts are so, you know. Fussy. Yeah, not fussy, but, you know, we just hate to fish for business. I understand. And I would certainly stress to the Court that it would be a shame, a crying shame for the parties, I think, for the Court not to reach the merits of this case, because the merits of this case present some significant problems and issues relative to the way in which district courts operate under the appendant jurisdiction standard and the way in which they operate while cases are on appeal. Well, we have, first of all, we have an appeal and a cross-appeal and then a third appeal, right? That is correct, Your Honor. There are three different appeals. All right. Start with number one and tell us why that's a final appealable order. I certainly will. First of all, the order of remand is no different than an abstention-based remand that this Court and the Supreme Court have held is an appealable final order. It satisfies all the tests and the reasons upon which a court grants abstention-based remand are no different than the reasons for remand for appendant jurisdiction. But those cases involving abstention-based remand, don't they remand the entire case? Not in all cases. In some situations, the Court retains jurisdiction to allow State court to resolve certain issues, and based upon the resolution of those issues, they may or may not determine the outcome of the retained Federal claim. We've cited a couple of cases in our brief that certainly indicate that that's an appropriate situation. In addition, there are other cases, other circumstances and other cases that we've cited in which this Court and the Supreme Court have indicated that discretionary remands, one that involves the Declaratory Judgment Act, again, it's a discretionary remand in State court, is, in fact, a final appealable order. So the fact of the matter is this case is really no different than those kinds of situations. It's a required question. Kennedy. When we do that, don't we review by mandamus? There lies the problem, and I'm glad you raised the issue. It's unfortunate, I suspect, and my apologies to one of the members of the panel who I know sat on two of the cases that I'm going to talk about. There are four cases cited by the Respondent in this matter to suggest for the first time two weeks ago that there is, in fact, review only by writ of mandamus. Those four cases all depend entirely and are based entirely on the U.S. Supreme Court's decision in Thermidor, a statement in Thermidor that indicates that the writ of mandamus, which was the manner in which, in that case, the issue came up, was the appropriate method. Five years later, the U.S. Supreme Court said it was dicta, we didn't mean it, and we expressly disavowed it. In fact, I looked to find if there were any cases since the Supreme Court ruled in Quackenbush where the Ninth Circuit has continued to abide by that language. I find none. I don't know if this Court has abandoned it or not, but clearly, to the extent this Court has continued to abide by language from, again, dicta out of a case, that Thermidor, in which the Supreme Court has said we disavow it, it's wrong, we didn't mean it, and it really didn't apply in a broad sense that we intended it, I think that's meaningful to this Court. All I can suggest is perhaps the Court was misguided. That appears to be the only explanation, because all the cases that have arisen since then, outside this circuit and other situations, have all completely gone the way of an appeal. Furthermore, if we look at mandamus as an approach. Kennedy, so you're asking this panel to basically overrule our, the distinction we draw between the abstention cases and other cases? There is no basis to maintain that line, because they're the same kind of approaches. Well, that's not my question. Yes. Okay. Yes, we should overrule it. Yes. The answer is they're the same. So this Court is continuing to rely upon some sort of distinction. That distinction really, for all practical purposes, makes no sense. Well, it might be better to say, you know, we can't on our own, as you know, overrule a prior case. But maybe your position is more that it's been overruled in effect. Excuse me, in effect, by Quackenbush. It has been. It's been expressly disavowed by Quackenbush. So I don't think it has vitality. And for this Court to continue to utilize it in that fashion, I think, would be erroneous. Furthermore, I think if the Court looks at this closely and applies the writ of mandamus requirement for appellate review of discretionary remand of penitent-state claims, you're essentially telling litigants those issues, the standard by which the district court measures whether to retain jurisdiction or not will never, ever be subject to meaningful review. Because under mandamus, one of the essential elements is clear air. How is a litigant going to be able to demonstrate clear air when the decision is discretionary? Well, we know from at least one of the cases that this Court decided that that standard can be met in a mandamus situation where the district court did something that is forbidden. It remanded State law claims in a way not contemplated and not authorized by 1367C. It did it for that horrible reason called docket control and docket management. An ugly term, but that's what it was. And the district court really didn't mind acknowledging that's what it was. Supreme Court has held, and this Court has held, that's wrong, that's clear air, and it will not stand. So absent that very limited circumstance or where the district court has gone outside the fabric of 1367C, we'll never be able to challenge the district court's exercise of jurisdiction by mandamus. It is an impossible impediment that will forever foreclose appellate review. And that certainly wasn't what Congress intended when it enacted 1447C and D. The only issues, the only types of remand that Congress has indicated are not subject to appellate review are issues in which or cases in which remand, sorry, removal was defective. That isn't the case here. This case clearly is subject to appellate review. It's a question of how we're going to be able to get at that issue. So I'm satisfied that the district court was right and the parties were right when they stated in their briefs this is a final appealable order. It's a collateral order. It resolves an important question. The district court did an important question that is suitable for appeal, and that is whether or not it was appropriate to decline to exercise penitent jurisdiction over the State law claims. Now we move to the two, the three appeals, and I'm only going to address the two because I think the one of the appeals, which is the cross appeal, has already been abandoned by the plaintiffs, and I don't think they have any intention of moving forward on that. So we have two appeals. First appeal from the remand order. Second appeal from the order of dismissal or granting plaintiffs to leave to amend. This Court's essentially order to show cause does not direct itself at that second order. Justice Scheme asked me whether or not that was going to be an issue or not. I don't think it is. The Court hasn't asked us to brief that issue. It is a final order. I mean, it essentially disposes of all claims pending for the district court. I would ask, I would suggest to the Court as a possible corollary to what I said before, if the remand order itself wasn't subject to appellate review, when we have dismissal of the lone remaining claim before the Court, isn't it now a final order? There's nothing left for the district court to do. There are no claims pending. What is left? Clarify for me the status of the dismissal order. As I recall, the Court still, the district court has retained jurisdiction. It's got to stay. Some further action is going to be taken by the district court depending on what we do. Isn't that correct? Well, seemingly, but also somewhat unseemly, depending upon which section you choose to look at from the district court's order. In one breath, the district court says if this Court were to remand, I'm sorry, to revisit the State law claims. Then in the next breath, the district court says even if the district, even if this Court were to reverse the remand order and send the State law claims back, by virtue of my, of my, my being the district court's decision to dismiss the lone claim remaining, the Federal claim, there is now an independent basis for remand. 1367c3. There's no longer Federal jurisdiction. And so I intend on remand, no matter what happens, to send those claims back. Does that mean that there's anything left for the district court to do? I guess. It doesn't sound like there's going to be very meaningful decisions that are going to occur at that level if that occurs. Why did the district court? All right. So the district court issued a remand order, right? Yes. And then, in effect, vacated the remand order, right? Well, there are three different procedural problems the district court has. First, it dismissed the, first it dismissed the claims. A day later, it remanded the State law claims. Yeah. Then it remanded the State law claims. And then we filed a notice of appeal and went in immediately and asked for a stay of the remand order. So the claims would not then be returned. So then, in effect, he set aside the remand, right?  Stayed it. All right. So the remand order, I don't know. Well, we'll say at least it's possible it didn't go into effect. It has not gone into effect. Well, you can't really tell that because once the order issues, it's effective. And it issued. Absent the stay. Well, no. But you can't issue an order and three days later issue a stay if it's already effective. It's not effective. No, the stay doesn't go into effect because it's already remanded. The remand order doesn't go into effect until it has technically been forwarded to the clerk of the superior court. In this case, because we have to. And that didn't happen? It did not. Is that clear in the docket? It did. It clearly did not. In fact, the district court, the colloquy of the district court at the State proceeding and the State order itself essentially holds that he is withdrawing that document from taking place. He's ordering it not occur so that we can protect our case. Now, there's been no remand. So at the very least, the district court has to vacate the stay, right? Yes. Technically. On remand, that is technically an administrative task. He's indicated, in effect, it's almost a ministerial task. Again, in one breath he says that and the next breath he says he'll revisit the motions that this Court tells him to, which is certainly why we're here. We suggest to this Court that there is no possible rational reason for the district court to remand these State law claims. First of all. Why not? What do you mean? Well, first of all, let me emphasize this. I think of a lot of rational reasons. Well, you may be able to think of them, Your Honor, but if we're going to measure the exercise of discretion by this district court, we must assess the reasons articulated, right? No. No, no. You said there's no possible rational reason. That was your argument. Let me rephrase it. I apologize then. The reasons expressed by the district court do not measure up. I've been thinking about this the last couple of days, and I'm going to use it just because I think it's... You say measure up. Now, measure up under what test? It's abuse of discretion? It's abuse of discretion. And how do we measure abuse of discretion? We take the reasons articulated and we analyze those to see if they really pass the test. Using Johnny Cochran's phrase, if the glove don't fit, you must acquit. If the reasons don't fit the standard, they can't stand up. I do discrimination work. That's called pretext. If the district court says I'm going to remand because these are novel and complex questions, well, are they? I submit I don't think they are. Other district courts have had no difficulty in assessing these same issues. The state courts have no unique feasibility to decide legislative history. The district courts do it all the time. You know, what's the difficulty imposed by this court, the district court? None. But that, I think, maybe is a closer question. It's the exceptional circumstances that the Court applies to get rid of the other State claims. And, again, remember, the context in which this remand order issued was essentially made by ambush. No parties were permitted to brief the issue. We weren't given advance notice it was going to occur. We're simply notified. I'm going to remand these claims. Tough luck. That is a problem for the parties. Because we could have certainly educated the Court, as I'm trying to do today in our briefs, why remand State law claims that overlap factually and legally to a large extent a pending Federal claim. That was one of the reasons the district court was so concerned and issued its stay order. It's not appropriate to have two different forums litigating similar issues and there's a race to the courthouse. That's why we issued the stay order. And to preserve this Court's appellate jurisdiction. Kennedy. Are we conflicting ourselves now with the fact that the Federal claim has been dismissed? Well, I don't think – I'm sorry. Are you suggesting that we look outside the record and make a hypothesis that sees what the district court may do? Well, I'm just saying that we don't – hasn't the district – hasn't the Federal claim been dismissed? It has. It's also the subject of an appeal. Right. But so when we're looking at the remand of the State claims, if there are no Federal claims remaining, then it becomes a lot easier, doesn't it? Well, I suppose it does, except appellate review is supposed to be something that is a fixed standard. We know what the facts are. We know what the law is. And we have a record to work with. At the time the appeal – the first appeal was perfected, the Federal claim was pending. It was ripe. The district court was permitting discovery to go forward. That case was going to move straight ahead towards trial. No, but an exception to that, you know, looking at the record is, for instance, like a mootness. If the case becomes moot after the record, you know, we can look at that. Certainly you can. This is all pretty much the same as mootness, isn't it? I mean, it makes all the other arguments moot because there's no longer Federal claim to – We don't – we don't – You can pin the tail. Well, but the problem with that argument, Your Honor, is that in mootness cases it's gone away and it can never be cured. Here you can cure the problem. If you reverse the State court – if you reverse the decision of remand, the State law claims come back and the district court has to review them. If you reverse the district court's decision to grant amendments or dismissal of the FLSA claim, we've cured the problem. It isn't moot. The issue is still preserved. The plaintiff wants to dismiss his Federal claim. Which is the – What's the problem? That's the third appeal, Your Honor. I know that. In that case, in a pristine world, Batty says, this Court held in Batty, there's nothing wrong with when a plaintiff includes a Federal claim, it gets removed to Federal court, and the plaintiff then realizes he doesn't want to be there, and then with some dispatch decides to abandon that claim and go back to State court. That's a conscious decision, a tactical decision that the plaintiff makes. So you're suggesting that we look only at the remand order. In the first appeal, I think that's all you can do. And not take into account the dismissal. I think in the first appeal you cannot. It's not in the record. Well, and so then we've done that. So then we reach the dismissal appeal. Okay. Now we know. Now you know that the Federal claim has been dismissed, and you now must assess whether or not the district court acted appropriately. Isn't that a little bit like having a fractious horse in a barn, and you put blinders on it, and then you leave it outside? Because we put the blinders on, wander around the barn, get outside, and now we find out that the reason the blinders were on is gone. I appreciate the Court's concern. I do. I recognize that, and we've recognized that all along. Does that mean, then, that we simply whitewash the district court's wrong decisions to dismiss claims? No, but if in the end it doesn't matter. But it does matter. Why are we spending all this time on something that doesn't matter? But it does matter. Well, it doesn't matter if the dismissal was proper. If the dismissal was proper. Then there is really no basis to argue that remand wasn't proper. With no pending Federal claim, that's pretty common. And if it was proper, then the district court would have to go back to the State court and send the State claims back to the State court. If the remand – I'm sorry. If you reach this – if you reach past the first appeal and reach the third appeal, which is on the dismissal order, and you decide that the district court acted properly and did not abuse its discretion in dismissing a Federal claim, notwithstanding the State order, notwithstanding the appeal in the first case, notwithstanding all the other circumstances that we've articulated and the reasons why the Court was deprived of Federal jurisdiction once the Federal claim was on appeal before this Court, which is appeal number two. You've got about a minute left. Then there – then this Court then would reach out and say, ah, there is, in fact, a different reason for remand, and we will now authorize the district court to remand under 1367c3, even though that order is not before the Court and there's no record. That's called enlightenment. It may be, but I think it's not before the Court. It may be entirely – I submit it's very premature. It may be the appropriate way to look at it in a broad sense, but by looking at it that way, you ignore and you essentially whitewash all the wrongs the district court has done. I want to just close with this and, as I said, reserve the rest of my time. But if the Court doesn't reach the merits and we look at the reasons why the district court acted, this is not an intelligent decision by plaintiff's counsel to simply abandon the Federal claim. The district court put the parties at a Hobson's choice, an unfair Hobson's choice. Kennedy. If it's not a willful choice or a valid choice on their part, that's their problem. It's a problem for the system. It's a problem for the system that this Court has the responsibility, I think, under the Federal rules and under appellate jurisdiction to say it's wrong. The district court shouldn't. And it's becoming, I will tell you, a very increasingly frustrating tactic by district courts. We dismiss the State claims and we force the plaintiff's counsel to abandon Federal claims. Kennedy. As far as the problems of the dual system, you've used your time. Thank you very much. Thank you, Your Honor. Let's hear from the appellee. Good morning. John Williams on behalf of the employee appellees. This case presents an odd situation where plaintiffs are actually seeking to dismiss a claim and the defendants are seeking to preserve the claim so they can retain Federal jurisdiction. But he says you've been put in a Hobson's choice and victimized by the district court. We don't think so, Your Honor. And let me tell you why. With respect to the dismissals, we believe the district court saw correctly the Federal claim that was added in the amended complaint essentially mirrors the State law claim. It was added to amplify those activities that would be considered illegal given the established authority under the Federal claim to construe the illegality of that conduct. But the district court got it right when he said, look, those rights are protected under the State law claim. And it was a sound tactical decision to the extent that the employees would rather have a State law form to litigate their State law claims to go ahead and dismiss that claim. And that's what we've done. If I can address the issue of reviewability of the first appeal, I'd like to do so. I listened to counsel and I looked at the briefing, but it seems to me that there's a critical distinction that's being missed here in the reliance on Quackenbush. And that's a distinction between original jurisdiction and supplemental jurisdiction. In Quackenbush and in most abstention cases, you have a situation where you have uniquely Federal claims over which the Federal court decides to abstain from considering those claims. And those uniquely Federal claims are then essentially relegated to the jurisdiction of the State court to be decided. In those cases, too, you have a situation where essentially the parties are out of court. The Federal the district court steps back and all of those claims go back to the State court to be adjudicated. And the case is over in Federal court. Our case is different for two very important reasons. First off, we don't have uniquely Federal claims that are being subjugated to State court adjudication. We have uniquely State law claims that are being sent back down to the State court. Similarly, in our case, because the district court retained the Federal claim, the parties are not out of court. There is a remedy here for the defendants, and that is to seek a writ of mandamus, something that they did not do. Lee v. City of Beaumont is directly on point and speaks to the situation in this case as well. In Lee, the Court decided, look, you have an opportunity to have this reviewed. This is not one of those remands that is not reviewable under 1447. This is a situation where you do have a review, but you need to seek a writ of mandate. And they have not done that here. Defendants never did that here. And it would be particularly appropriate to seek a writ to the extent that there was no substantive decision made on the merits before the remand. In fact, the district court here said, look, I'm not going to decide this issue at all. It's a unique issue of State law. You, the defendants, you have your remedy. You can go back to the State court and have them decide this. And if I'm wrong, then they have the option of having that decision reviewed by writ of mandate. And they didn't do that. And so as we brief the Court in our letter brief, we believe that where this Court does not have jurisdiction to decide that first appeal, then so, too, goes the second appeal, because the gravamen of their argument, actually, that would be the third appeal. But the gravamen of their argument in the third appeal is, look, the district court did not have jurisdiction. It was divested of jurisdiction at the time that it dismissed the Federal claims at the request of the employees. Well, if this Court had no jurisdiction over that first appeal, there was no divestment of jurisdiction, and the district court acted properly at the time that it dismissed the FLSA claim at the employee's request. I also want to get to the question raised by the bench about whether the remand made it out of the court clerk's hand and actually was sent to the State court. And in this case, it was. The remand was physically sent to the State court, and so a remand occurred, but the district court believed that it could recall that remand, reach out and bring it back, because it was a discretionary remand. And that's what it did, and essentially stayed the effectiveness of that remand order at the request of the defendants until this Court could rule. So there is a flavor in the briefing about the district court going too far in trying to undermine the jurisdiction of this Court to rule on this issue. And, in fact, the district court at every turn has tried to preserve this Court's jurisdiction by way of staying the effectiveness of that remand order, and also with respect to the subsequent dismissal, not effectuating that dismissal again until this Court has the opportunity to review these issues as they are before you now. In any event, we do believe, as we brief the Court, that even where this Court has jurisdiction to look at the initial remand order, that this was commonplace exercise of a district court's discretion to decide not to exercise jurisdiction over these pendent State law claims. These claims do raise novel and unique issues. Defendants cited one case, one district court case, where without analysis, the district court decided that it could look into some similar issues. This district court looked at the issues and said, they're a little different here, and we think that the State court is the best place to adjudicate the question of whether there's a private right of action or whether there's punitive damages that are permissible here, and we think the State court should decide that. We don't want to get involved in deciding those issues, and that's directly what the defendants have asked us to do by way of these motions to strike, and we're not going to do that. This is entirely the kind of discretion that the district courts are routinely invested with and that they exercise to avoid needless decisions on State law issues. It's supported by the statute under 1367c1, and here the district court gave adequate reasons for why the remand should occur, unlike the situation in executive software, which I know is relied upon heavily by the defendants. There, the court simply didn't articulate the statutory basis for the remand, and here the court goes to great lengths to articulate not only the statutory basis for the remand of the claims that are raised in the motion to strike, but also under 1367c4, the exceptional circumstances that compel the remand of the additional State law claims. So you don't have some State law claims that are being litigated here in Federal court and some back in State court, and the court went to great lengths to do so. So our position is, even if this court finds it has jurisdiction to go ahead and review the merits of the remand, that the remand was a proper exercise of the court's discretion. And likewise, same with the third appeal. This is a situation where the plaintiffs want to abandon a claim. They are put in a position in terms of the defense strategy in this case, that they want to keep this Federal claim in Federal court because there are different standards for purposes of class certification that attach to the Federal claim versus the State claim. And by golly, we get some sort of advantage by using those Federal standards. And so they want to keep this claim in Federal court, and the plaintiffs simply have decided that it's not worth it, that whatever amplification and support their State law claims received by virtue of inclusion of the Federal claim just were simply outweighed by the amount of delay and the procedural complications that would occur in this specter of class certification being driven by the Federal claim, when the Federal claim was really just an add-on claim. It doesn't predominate in this case. It is an additional claim that mirrors the first cause of action, the first State law claim, and was inserted simply to amplify the illegality of the activity. And so they went to the district court and said, we would like to dismiss this claim. We'd like to get back to State court as quickly as we can. And the district court was correct in allowing that dismissal in that it does not prejudice the defendants at all. It's hard to imagine a situation where a plaintiff is willing to walk away from a claim and say, look, this entire basis of liability we're willing to abandon. And the defendant is saying, well, we're prejudiced by that. Clearly, they benefited by that. But most importantly, the two-headed monster that the defendants have talked about in their appeal about having to litigate simultaneously in Federal court while also in State court has really been slayed by the plaintiffs walking away from their Federal claim. There is no danger of inconsistent results here. The entire case, the remaining State law claims go back to State court. And the only thing, ironically, that the defendants can hope to do by virtue of their third appeal is restore a Federal claim that the plaintiffs no longer want to pursue. So with that in mind, we think that the district court acted entirely appropriately with respect to the first remand order and to granting the plaintiffs subsequent request to essentially walk away from the Federal claim. So this case could resume once again in State court. This case involves claims where some of these plaintiffs have waited as much as six years to get their case heard and tried in State court. And we would submit that the quicker they'd be able to do so, the better for all parties involved. Unless there are any questions, I will submit. Thank you, Justice. Kennedy. No questions. All right. Thank you. Thank both counsel. This case is submitted for a decision. Oh, go ahead. I'm sorry. He reserved them, but he had used them. I didn't know. Well, I told you you had a minute left and you kept talking, right, until you wanted to finish up. Well, give me a minute. Go ahead. Thank you, Your Honor. Two very quick points. One, I'll take them in reverse order. One, counsel suggests that the defendants in this case have not been prejudiced and suggest all these other reasons why. There's a serious prejudice here that the defendants suffer. This is not a case in which the case just got suddenly, you know, filed, the Federal claims were included and it got removed from the court. These claims were specifically added at some length after the case was initiated, then removed to Federal court, knowing that was going to happen. Then months went by before the claims were decided to be dropped. There's a significant amount of expense that the defendants are not going to be recoverable under 1447 or any other mechanism. That's prejudice. Number two, plaintiff's counsel suggests that the distinction between abstention-based doctrines and the declination of a penitent jurisdiction involve a situation where there's uniquely Federal claims. Well, that's just not true. If we look at the cases, and the lead case is obviously Quackenbush, it's a diversity case. There are no uniquely Federal claims in a diversity case. There are less than in this case. City of Tucson, another nice good decision by this Court, again, a diversity case. And in both situations, the Court had no difficulty applying an appeal standard to those cases. With that, I'll submit, Your Honor. Thank you. All right. Thank you. Again, thank both counsel. The case is now submitted for decision. And I thank you.
judges: Tg Nelson, Tashima, Fisher